**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 16-4653**

_____

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

ELIJAH SILVER,

                Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville.  James C. Dever III, Chief District Judge.  (4:06-cr-00057-D-1)

_____

Submitted:  April 17, 2017                                    Decided:  April 20, 2017

_____

Before NIEMEYER, MOTZ, and KING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Thomas P. McNamara, Federal Public Defender, Jaclyn L. DiLauro, Eric Joseph Brignac, Assistant Federal Public Defenders, Raleigh, North Carolina, for Appellant.  John Stuart Bruce, United States Attorney, Jennifer P. May-Parker, First Assistant United States Attorney, Barbara D. Kocher, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Elijah Silver appeals from the district court's order modifying the terms of Silver's supervised release. Silver was originally convicted in 2007 of distributing more than five grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (2006). He was sentenced to 138 months in prison to be followed by five years of supervised release. After Silver's supervised release term commenced on July 15, 2016, Silver's probation officer filed a petition seeking to modify the terms of Silver's supervised release by adding that Silver be required to undergo a psychosexual evaluation. Silver asserts that the district court erred when it modified his supervised release terms because a psychosexual evaluation has nothing to do with the narcotics distribution conviction for which he is currently on supervised release,[1] is unjustified and unnecessary because he has had no sex offense convictions for 16 years and has been in compliance with his supervised release conditions, and requiring him to undergo a psychosexual evaluation involves a greater deprivation to his liberty interests than is necessary to effectuate the statutory sentencing goals.[2] Finding no error, we affirm.

---

[1] Silver's assertion to the contrary, a supervised release condition does not require an offense-specific nexus. *See United States v. Douglas*, 850 F.3d 660, 663 (4th Cir. 2017) (recognizing that supervised release sex offender conditions "do[] not require an offense-specific nexus, but the sentencing court must adequately explain its decision and its reasons for imposing it" (internal quotation marks omitted)).

[2] We previously denied Silver's motion for a stay of the district court's modification order pending this appeal. Although Silver again asks that we stay the district court's order imposing the psychosexual evaluation as a condition of his supervised release, we decline to reconsider our previous order.

"The sentencing court may impose any condition reasonably related to . . . the nature and circumstances of the offense and the history and characteristics of the defendant, protecting the public from further crimes, and providing the defendant with needed medical care or other correctional treatment[.]" *United States v. Armel*, 585 F.3d 182, 186 (4th Cir. 2009) (internal citations, quotation marks, brackets and ellipses omitted). The conditions imposed must involve "no greater deprivation of liberty than is reasonably necessary to achieve the goals" of sentencing, however. *Id.* (internal quotation marks and brackets omitted). The conditions must also be consistent with Sentencing Commission policy statements. *See* 18 U.S.C. § 3583(d)(3) (2012). Thus, when imposing supervised release conditions, a district court "must demonstrate that it considered the parties' arguments and had a reasoned basis for exercising its own legal decisionmaking authority." *United States v. Lynn*, 592 F.3d 572, 576 (4th Cir. 2010) (internal quotation marks and brackets omitted). District courts nonetheless "have broad latitude to impose conditions on supervised release," and we review such conditions only for an abuse of discretion. *Armel*, 585 F.3d at 186 (internal quotation marks omitted).

In *Douglas*, this court recently found that "[t]he district court acted well within its broad discretion to impose the condition that Douglas submit to a sex-offender evaluation." *Douglas*, 850 F.3d at 666. According to this court, such a condition was reasonably related to the sentencing factors and the imposition of this condition caused no greater deprivation of liberty than was reasonably necessary. *Id.* at 666-67. Because the district court tied Douglas' situation to the statutory sentencing factors, and since it imposed only that Douglas undergo only a psychosexual evaluation, thereby withholding

3

further sex-related conditions unless indicated by the evaluation, we deferred to the district court's "measured judgment to impose conditions causing no greater a deprivation of liberty than was reasonably necessary to satisfy [the sentencing] factors." *Id.* at 5.

In this case, the district court recognized that: (1) Silver engaged in sexual intercourse with a 14-year-old child when he was 22 years of age; (2) Silver pled guilty to felony indecent liberties with a child; (3) Silver twice violated the imposed probationary sentence on the indecent liberties conviction, ultimately resulting in the revocation of the probationary sentence; and (4) the condition sought to be imposed was merely an evaluation, rather than an order that Silver undergo sex offender treatment. The district court also expressed its preference, considering the sex offense for which Silver was previously convicted, for having a professional assess Silver, "as opposed to lawyers and judges not professionally trained in dealing with somebody who has a sex-offense conviction." Thus, the district court found the request for a psychosexual evaluation "eminently reasonable" and consistent with this court's prior holdings. Accordingly, we find that the district court did not abuse its discretion when it imposed the psychosexual evaluation as a condition of Silver's supervised release.

Based on the foregoing, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

4